Barbour, J.
This action is brought to obtain a judgment, whereby the defendants shall be enjoined and restrained, until the 1st of May, 1867, from prosecuting certain summary proceedings, which have been instituted against the plaintiff by the defendants, to remove her from a dwelling-house occupied by her as a tenant, upon the alleged ground that she is holding over after the expiration of her term. The motion before me now is for an injunction until trial and judgment in this action.
The complaint sets forth a lease, under seal, whereby the premises are let to the plaintiff for the term of one year from the 1st of May, 1866, which lease contains the following provision: “ The said party of the second part covenants * * * to vacateo said premises at any time upon receiving ten days’ notice from said parties of the first part, at their option,” and also a further provision by way of agreement, which declares that if default shall be made in any of the covenants contained therein, the lessors may re-enter the premises and remove all persons therefrom. The summary proceedings in question are alleged to be based on the giving of the ten days’ notice, and the refusal of the plaintiff to leave the premises after that period had expired. *60 The complainant also alleges that previous to any such -notice being given, the defendants promised and agreed to and with the plaintiff, that they would waive the ten days’ covenant, and permit her to occupy the premises the whole of the demised term, in consideration of an undertaking on her part, that if such waiver were made, she would repair and improve the premises at her own expense; and the plaintiff further avers that prior to the giving of such notice the repairs so contemplated were made by her. To support the case so made by the complaint, several affidavits have been read on this motion.
I think the motion should be denied upon the following grounds: There are two questions which the magistrate before whom the summary proceedings for eviction are now pending, will be bound to determine upon the trial before him: Eirst, whether the relation of landlord and tenant exists, as stated in the complaint before him, and, Second, whether the tenant is holding over after her term has expired. As to the former, there will of course be no difficulty. The latter fact will be established, prima fade, by the lease itself, proof of notice to quit, and a refusal of tenant to go. But if the defendants in those proceedings shall succeed in establishing the fact that the landlords, for a sufficient consideration, had, prior to any notice, agreed even by parol with the tenant, to waive and abandon their right to give the ten days’ notice, or in other words, had undertaken that they would not exercise such right, it will follow that at law as well as in equity the subsequent giving of the notice in violation of that agreement must be held to be void and of no effect, and therefore that the tenant is not holding over contrary to the terms of the sealed lease. There is not a single question raised by the complaint in this action which may not properly be inquired into and determined by the magistrate before whom the summary proceedings have been instituted. He has full jurisdiction to hear and determine al,l those questions, and for that reason this court ought not by its injunction to restrain the plaintiffs in the summary proceedings from prosecuting the same.
The motion must be denied, with ten dollars costs.

Ante, p. 47.